UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICHARD HYATT,

*Plaintiff,*

– against –

RIVER HEIGHTS CAPITAL LLC, JP
MORGAN CHASE,

*Defendants.*

**MEMORANDUM & ORDER**
26-cv-00747 (NCM) (CHK)

**NATASHA C. MERLE**, United States District Judge:

Plaintiff Richard Hyatt, proceeding pro se, sued defendants River Heights Capital LLC and JP Morgan Chase ("Chase") in New York Supreme Court, Queens County, raising claims under state and federal law regarding consumer debt collection. *See* Summons and Complaint 3–6, ECF No. 1-1.[1] On February 10, 2026, Chase removed the suit to this Court based on federal question jurisdiction. *See* Notice of Removal 1, ECF No. 1. On February 26, 2026, Chase filed a letter requesting a pre-motion conference in anticipation of filing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Ltr. Mot. for Pre Mot. Conf., ECF No. 9. Plaintiff did not file a response to Chase's pre-motion conference request, but on March 31, 2026, plaintiff filed a motion seeking to dismiss the federal law claims in his complaint and remand the case to state court. *See* Notice of Mot. to Dismiss ("Mot.") at 1, ECF No. 10. Chase, the sole appearing defendant, consents to the dismissal of the federal law claims against it but opposes remanding the case to state court

---

[1]     Throughout this Order, page numbers for docket filings generally refer to the page numbers assigned in ECF filing headers.

on the basis that plaintiff has not pleaded a valid state law claim. *See* Mem. in Opp'n ("Opp'n"), ECF No. 11-6. For the following reasons, plaintiff's motion is GRANTED and the case is remanded to state court.

## DISCUSSION

Plaintiff is proceeding in this case *pro se*. A *pro se* litigant's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).[2] The Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

Generally speaking, a plaintiff is "the master of the complaint" and can determine what claims to bring and not to bring. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025). "[I]n so doing, she can establish—or not [establish]—the basis for a federal court's subject-matter jurisdiction." *Id.* In the present case, plaintiff originally included both state law and federal law claims in his complaint, which gave Chase the opportunity to remove the case to federal court. *See* Notice of Removal 1.

Plaintiff now seeks to dismiss the federal law claims from his complaint. Mot. 1. Chase consents to the dismissal of the federal law claims against it. *See* Opp'n 2. Moreover, the Federal Rules of Civil Procedure allow a plaintiff to amend his complaint with the Court's leave and directs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the Court grants plaintiff's request to dismiss his federal law claims and deems the federal law claims stricken from the complaint.

---

[2] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

With no remaining federal law claims in the case, the Court no longer has a jurisdictional basis to hear the suit. *See Royal Canin*, 604 U.S. at 30 ("When a plaintiff amends her complaint following her suit's removal . . . . [and] eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims."). The case must therefore be remanded to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Royal Canin*, 604 U.S. at 28.

Chase offers two arguments why the case should not be remanded and instead should be entirely dismissed. First, Chase argues that plaintiff's state law claim arises under New York's Consumer Credit Fairness Act ("CCFA"), which Chase asserts "is an act that amended various provisions of New York's Civil Practice Law and Rules" and "is not a stand-alone statute." Opp'n 2. Second, Chase argues that "[t]he various sections of the CPLR that were amended under the CCFA are applicable to the parties pursuing a consumer debt, which Chase was not doing." Opp'n 2.

Notwithstanding Chase's arguments, the case must be remanded. The arguments Chase raises go to the merits of plaintiff's state law claim, not to whether remand is the proper procedural step at this juncture. Chase's arguments may be raised in state court, but they are not a basis for the Court—now lacking subject-matter jurisdiction—to adjudicate the merits of plaintiff's state law claim.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss and to remand is **GRANTED**. Plaintiff's federal law claims are stricken from the complaint. The case shall be remanded to state court.

**SO ORDERED.**

 _/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:        May 7, 2026
              Brooklyn, New York